IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI) | Civil Action No. _____ |

KAREN MARIE SOUZA and DAVID LEONARD SOUZA,

       Plaintiffs,

v.

COLGATE-PALMOLIVE COMPANY;
CYPRUS AMAX MINERALS COMPANY (sued as successor to SIERRA TALC COMPANY and UNITED TALC COMPANY),

       Defendants.

**ORIGINAL COMPLAINT**

**PLAINTIFFS DEMAND A TRIAL BY JURY**

Now come the Plaintiffs, KAREN MARIE SOUZA and DAVID LEONARD SOUZA, by their attorneys, THORNTON LAW FIRM, LLP, and SIMON GREENSTONE PANATIER BARTLETT, PC, and file the following complaint:

SUBJECT MATTER JURISDICTION AND VENUE

1.    This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, because the amount in controversy as to the Plaintiffs exceeds $75,000.00, exclusive of interest and costs, and because complete diversity exists between the parties as Plaintiffs, KAREN MARIE SOUZA and DAVID LEONARD SOUZA are citizens of the state of Massachusetts, which is different from the state where Defendants are incorporated and have their principal place of business.

2.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events and omissions giving rise to this lawsuit occurred in this District where

Defendants are subject to personal jurisdiction in accordance with 28 U.S.C. § 1391(c).

1.      PARTY PLAINTIFFS

The Plaintiffs, KAREN MARIE SOUZA and DAVID LEONARD SOUZA, reside at 30 Cedarwood Road, Cotuit, Massachusetts 02635.

2.      PARTY DEFENDANTS

2A.     The Defendant, Colgate-Palmolive Company, is a foreign corporation incorporated under the laws of the State of Delaware having a principal place of business in New York, New York, and has conducted business in the Commonwealth of Massachusetts.

2B.     The Defendant, Cyprus Amax Minerals Company (sued as successor to Sierra Talc Company and United Talc Company, is a foreign corporation incorporated under the laws of the State of Delaware having a principal place of business in Phoenix, Arizona, and has conducted business in the Commonwealth of Massachusetts.

As used in this Complaint, the term "Defendant(s)" shall include the party defendants identified in paragraph 2A – 2B hereof, and their predecessors, which shall include, but is not limited to, any person, corporation, company or business entity:  which formed part of any combination, consolidation, merger or reorganization from which any party Defendant was created or was the surviving corporation; whose assets, stock, property, products or product line was acquired by any party Defendant; whose patent rights, trademark rights, trade secrets or goodwill was acquired by any party Defendant; or, which was dominated or controlled by any party Defendant to such an extent that said party defendant was the "alter ego" of said corporation.

BACKGROUND

3.      The Plaintiffs' cause of action arises from the defendants:  (a) transacting business

in Massachusetts; (b) contracting to supply and/or sell goods in Massachusetts; (c) doing or causing a tortious act to be done within Massachusetts; and/or, (d) causing the consequence of a tortious act to occur within Massachusetts.

4.   Plaintiff KAREN MARIE SOUZA was exposed to Defendants' asbestos-containing materials from approximately the mid-1970s to 1990 through her personal use of Cashmere Bouquet Body Talc in Winchester, Massachusetts, and Mashpee, Massachusetts.

5.   During the period of time set forth in Paragraph 4, the Plaintiff was exposed to and did inhale and/or ingest asbestos dust, fibers, and particles, which dust, fibers, and particles came from the asbestos-containing products which were mined, milled, manufactured, fabricated, supplied and/or sold by the Defendant corporations.

6.   The asbestos-containing products which the Plaintiff was exposed to were mined, milled, manufactured, fabricated, supplied, and/or sold by the Defendant corporations, acting through their duly authorized agents, servants, and employees, who were then and there acting in the course and scope of their employment and in furtherance of the business of the Defendants. At all times pertinent hereto, the Defendant corporations were engaged in the business of mining, milling, manufacturing, fabricating, supplying, and/or selling asbestos-containing products. At all times pertinent hereto, the asbestos-containing products were products mined, milled, manufactured, fabricated, supplied and/or sold by the Defendant corporations and reached the Plaintiff without any substantial change in the condition of the product or products from the time that they were sold.  Plaintiffs would show that the defective design and condition of the products rendered such products so unreasonably dangerous, and that the asbestos-containing products were in this defective condition at the time they were designed by and/or left the hands of Defendants.  Plaintiffs would show that Defendants' asbestos-containing products were

defective in the manner in which they were marketed for their failure to contain or include warnings regarding potential asbestos health hazards associated with the use of or the exposure to the products. Plaintiffs would show that this market defect rendered such products unreasonably dangerous at the time they were designed or left the hands of the Defendants. Plaintiffs would show that Defendants are liable in product liability including, but not limited to, strict product liability for the above-described defects.

6A. COLGATE-PALMOLIVE COMPANY manufactured, sold, or supplied asbestos-containing Cashmere Bouquet Body Talc that Karen Marie Souza personally used.

6B. CYPRUS AMAX MINERALS COMPANY (sued as successor to SIERRA TALC COMPANY and UNITED TALC COMPANY) supplied asbestos-containing talc to Colgate-Palmolive Company.

COUNT I - NEGLIGENCE

7. The Plaintiffs reallege the allegations of Paragraphs 1 through 6B of the Complaint, and by reference, make them part of this Count.

8. It was the duty of the Defendant corporations to use and exercise reasonable and due care in the manufacture, fabricating, testing, inspection, production, marketing, packaging and sale of their asbestos-containing products.

9. It was also the duty of the Defendant corporations to provide detailed and adequate instructions relative to the proper and safe handling and use of their asbestos-containing products and to provide detailed and adequate warnings concerning any and all dangers, characteristics, and potentialities of their asbestos and asbestos-containing products.

10. It was the continuing duty of the Defendant corporations to advise and warn purchasers, consumers, users, and prior purchasers, consumers, and users of all dangers,

characteristics, potentialities and defects discovered subsequent to their initial marketing or sale of their asbestos-containing products.

11. Yet, nevertheless, wholly disregarding the aforesaid duties, the Defendant corporations breached their duties by: (a) failing to warn the Plaintiff of the dangers, characteristics, and potentialities of their asbestos-containing products when the Defendant corporations knew or should have known that exposure to their asbestos-containing products would cause disease and injury; (b) failing to warn the Plaintiff of the dangers to which she was exposed when they knew or should have known of the dangers; (c) failing to exercise reasonable care to warn the Plaintiff of what would be safe, sufficient, and proper protective clothing, equipment, and appliances when using or being exposed to their asbestos-containing products; (d) failing to provide safe, sufficient and proper protective clothing, equipment and appliances with their asbestos-containing products; (e) failing to test their asbestos and asbestos-containing products in order to ascertain the extent of dangers involved upon exposure thereto; (f) failing to conduct such research as should have been conducted in the exercise of reasonable care, in order to ascertain the dangers involved upon exposure to their asbestos and asbestos-containing products; (g) failing to remove the products from the market when the Defendant corporations knew or should have known of the hazards of exposure to their asbestos-containing products; (h) failing upon discovery of the dangers, hazards, and potentialities of exposure to asbestos to adequately warn and apprise the Plaintiff of the dangers, hazards, and potentialities discovered; (i) failing upon discovery of the dangers, hazards, and potentialities of exposure to asbestos to package said asbestos-containing products so as to eliminate said dangers, hazards, and potentialities; and, (j) generally using unreasonable, careless, and negligent conduct in the manufacture, fabricating, supply, or sale of their asbestos-containing products.

12. As a direct and proximate result of the unreasonable, careless, and negligent conduct of the Defendant corporations, Plaintiff KAREN MARIE SOUZA has developed mesothelioma and other asbestos-related disease, as a result of which Plaintiff KAREN MARIE SOUZA has and continues to endure great mental and physical pain and suffering, has incurred substantial medical expenses in connection with the treatment of her mesothelioma and other asbestos-related disease, suffered a dramatic reduction in her life expectancy, and suffered an impairment in her enjoyment of life, which damages are continuing in nature. Furthermore, Plaintiff KAREN MARIE SOUZA has been deprived of her capacity to earn money during her probable working life.

13. The Defendants knew, or with the reasonable exercise of care, should have known of the dangerous characteristics, properties, and potentialities of asbestos-containing products.

WHEREFORE, the Plaintiff, KAREN MARIE SOUZA, demands compensatory damages, plus interest and costs.

<u>COUNT II - BREACH OF EXPRESSED AND IMPLIED WARRANTIES</u>

14. The Plaintiffs reallege the allegations of Paragraphs 1 through 13 of the Complaint, and by reference, makes them part of this Count.

15. Plaintiff KAREN MARIE SOUZA is a person whom the Defendants could reasonably have expected to use, consume, or be affected by the Defendants' asbestos and asbestos-containing products within the meaning of Massachusetts General Laws ch. 106, §2-318, as the Defendants knew or had reason to know that their asbestos-containing products would be used as personal hygiene products and that individuals such as Plaintiff KAREN MARIE SOUZA would come in contact with such asbestos-containing products.

16. The Defendants expressly and impliedly warranted that the asbestos-containing

products described above were merchantable, safe, and fit for their ordinary and the particular purposes and requirements of the Plaintiff KAREN MARIE SOUZA.

17. The Defendants had reason to know of the particular purposes for which their asbestos-containing products would be used.

18. Plaintiff KAREN MARIE SOUZA relied upon the Defendants' skill or judgment in selecting suitable personal hygiene products for safe use.

19. The Defendants breached these warranties, in that the asbestos-containing products they sold were not merchantable, safe, suitable, or fit for their ordinary or particular purposes.

20. As a direct and proximate result of the unreasonable, careless, and negligent conduct of the Defendant corporations, Plaintiff KAREN MARIE SOUZA has developed mesothelioma and other asbestos-related disease, as a result of which Plaintiff KAREN MARIE SOUZA has and continues to endure great mental and physical pain and suffering, has incurred substantial medical expenses in connection with the treatment of her mesothelioma and other asbestos-related disease, suffered a dramatic reduction in her life expectancy, and suffered an impairment in her enjoyment of life, which damages are continuing in nature. Furthermore, Plaintiff KAREN MARIE SOUZA has been deprived of her capacity to earn money during her probable working life.

WHEREFORE, the Plaintiff, KAREN MARIE SOUZA, demands compensatory damages, plus interest and costs.

### COUNT III - MALICIOUS, WILLFUL, WANTON AND RECKLESS CONDUCT OR GROSS NEGLIGENCE

21. The allegations in Counts I and II are hereby incorporated by reference.

22. As early as 1929, the Defendants, or some of them, possessed medical and scientific data clearly indicating that asbestos and asbestos-containing products were hazardous to the health and safety of Plaintiff, KAREN MARIE SOUZA and others in her position.

23. The Defendants, or some of them, during the 1930's, 1940's, 1950's, and 1960's became possessed of voluminous medical and scientific data, studies, and reports, which information conclusively established that asbestos and asbestos-containing products were hazardous to the health and safety of Plaintiff KAREN MARIE SOUZA, and all other persons exposed to the products.

24. The Defendants, or some of them, since the 1930's have had numerous workmen's compensation claims filed against them by former asbestos workers or employees, or knew such claims were filed against asbestos product suppliers and manufacturers.

25. Prompted by pecuniary motives, the Defendants ignored and failed to act upon such medical and scientific data and conspired to deprive the public, and particularly the users, from access to said medical and scientific data, thereby depriving them of the opportunity of free choice as to whether or not to expose themselves to the asbestos products of the Defendants.

26. The Defendants acted maliciously, willfully, wantonly, and recklessly, or with gross negligence, by continuing to market their asbestos-containing products, with reckless disregard for the health and safety of the Plaintiff and other users and consumers, knowing the dangerous characteristics and propensities of said asbestos products, but still depriving those affected by the dangers from information about those dangers.

27. Because the Defendants acted maliciously, willfully, wantonly, and recklessly, or with gross negligence in marketing their hazardous asbestos-containing products, in ignoring the medical and scientific data which was available to them, and depriving consumers, users, and the

general public from that medical and scientific data, the Plaintiff is entitled to punitive damages.

WHEREFORE, Plaintiff KAREN MARIE SOUZA demands compensatory damages in addition to the damages demanded in Counts I and II, plus interest and costs.

### COUNT IV - LOSS OF CONSORTIUM

28. The allegations in Counts I through III are hereby incorporated by reference.

29. Plaintiff KAREN MARIE SOUZA is the wife of Plaintiff DAVID LEONARD SOUZA and at all pertinent times was the wife of DAVID LEONARD SOUZA.

30. As a direct and proximate result of the breach of duty and wrongdoing of the Defendants and the resultant injury of KAREN MARIE SOUZA as more particularly described in Counts I through III, Plaintiff DAVID LEONARD SOUZA has suffered a loss of his right to consortium with his wife and the loss of his wife's services, society and companionship, and has suffered great mental anguish.

WHEREFORE, Plaintiff DAVID LEONARD SOUZA demands compensatory damages, plus interest and costs.

The Plaintiffs demand a trial by jury on all issues.

DATED:  August 7, 2015.

                Respectfully submitted,

                /s/Evan R. Hoffman
                Evan R. Hoffman, Esq. (BBO# 678975)
                THORNTON LAW FIRM, LLP
                100 Summer Street, 30th Fl.
                Boston, MA 02110
                (617) 720-1333
                FAX (617) 720-2445
                ehoffman@tenlaw.com

Charles Soechting, Jr., Esq. – *Pro Hac Vice Pending*
Texas State Bar No. 24044333
Christopher Panatier, Esq. – *Pro Hac Vice Pending*
Texas State Bar No. 24032812
SIMON GREENSTONE PANATIER BARLETT, PC
3232 McKinney Avenue, Suite 610
Dallas, Texas 75209
(214) 276-7680   FAX (214) 276-7699
csoechting@sgpb.com
cpanatier@sgpb.com