UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO 15-13109-RWZ

DAVID LEONARD SOUZA,
as Personal Representative
of the Estate of KAREN MARIE SOUZA

v.

COLGATE-PALMOLIVE COMPANY,
CYPRUS AMAX MINERALS COMPANY
(sued as successor to SIERRA TALC COMPANY and UNITED TALC COMPANY);
and IMERYS TALC AMERICA, INC.
(sued individually and as successor-in-interest to LUZENAC AMERICA, INC.
successor-in-interest to CYPRUS INDUSTRIAL MINERALS COMPANY
and METROPOLITAN TALC CO.)

ORDER

March 30, 2018

ZOBEL, S.D.J.

Defendants moved to dismiss Counts III, V, and the punitive damages claim in Count IV (Docket # 78) of Plaintiff's Second Amended Complaint, and renewed their motion (Docket # 93) as to Plaintiff's Third Amended Complaint.[1] The Massachusetts wrongful death statute, Mass. Gen. Laws ch. 229, § 2, provides for a single action brought by a decedent's executor or administrator[2] encompassing loss of consortium

---

[1] Two defendants have since moved to dismiss for lack of personal jurisdiction (Docket # 100). This order in no way resolves that motion, which is not yet ripe.

[2] The term "personal representative" "includes executor, administrator, successor personal representative, special administrator, special personal representative and persons who perform substantially the same function under the law governing their status." Mass. Gen. Laws ch. 190B, § 1–

1

and punitive damages.  See Cox v. Brand 44, LLC, No. 15-cv-11903, 2015 WL 6182469 at *2 (D. Mass. Oct. 21, 2015), and cases cited.  Although plaintiffs are free to seek such damages in connection with the wrongful death alleged in Count IV, neither can stand alone as a separate count.  Accordingly, defendants' Motion to Dismiss Counts III and V (Docket # 93) is ALLOWED, and its previous Motion to Dismiss the same counts of plaintiff's earlier complaint (Docket # 78)  and Motion for Leave to File a reply brief (Docket # 81) are DENIED AS MOOT.

Defendants' Motion is DENIED as to the claim for punitive damages included in Count IV, which plaintiff has sufficiently pleaded and is entitled to develop in discovery.

      March 30, 2018                                  /s/Rya W. Zobel
                DATE                                                RYA W. ZOBEL
                                                               SENIOR UNITED STATES DISTRICT JUDGE

---

201.  See Bennett v. R.J. Reynolds Tobacco Co., No. CV 2017-0603-BLS1, 2018 WL 662386, at *3 (Mass. Super. Jan. 8, 2018).